United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10593
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNY WASHINGTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-00287-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

After we affirmed the judgment of conviction and sentence of

Kenny Washington, the Supreme Court decided *United States v.*

*Booker*[1] and vacated and remanded for further consideration in

light of that case.  We requested and received supplemental

letter briefs addressing the impact of *Booker*.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]125 S.Ct. 738 (2005).

Washington argues that he preserved a <u>Booker</u> challenge by objecting to the sentencing enhancements and that, therefore, it is the Government's burden to show that the error was harmless. Alternatively, he argues that if the error was not preserved and the plain-error standard of review applies, he prevails under that standard.

Washington's objections were to sufficient to preserve his <u>Booker</u> claim.[2]  Therefore, we review for harmless error.[3]  The Government has the "burden of showing beyond a reasonable doubt that the error did not affect the outcome of the district court proceedings."[4]

The Government has pointed to no evidence to show that the district court would have imposed the same sentence absent the sentencing error.[5]  Although the district court stated that it had "struggled" in deciding whether to sentence Washington at the high or low end of the Guidelines range, in fact the court sentenced him at the low end.  Because the Government failed to meet its burden, Washington's sentence is VACATED and the matter REMANDED for sentencing.  In our prior decision, we held that the district court did not abuse its discretion in limiting the

---

[2]*See United States v. Akpan*, 407 F.3d 360, 375-76 (5th Cir. 2005).

[3]*United States v. Pineiro*, 410 F.3d 282, 286 (5th Cir. 2005).

[4]*Id.*

[5]*See id.*

cross-examination of Ralphcel Eaton or in allowing Tom Young to testify.  Because Booker does not change this result, that portion of our prior decision is reinstated.